IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MACINNIS,<br><br>Defendant. | No. CR08-2018<br><br>ORDER ON PRETRIAL DETENTION |

On the 30th day of October, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Special Assistant United States Attorney Daniel Chatham. The Defendant appeared personally and was represented by his attorney Mark C. Meyer.

### RELEVANT FACTS

On October 22, 2008, Defendant John MacInnis was charged by Indictment (docket number 1) with conspiracy to manufacture and attempt to manufacture methamphetamine (Count 1), and possession of pseudoephedrine to be used to manufacture methamphetamine (Count 2). Defendant entered a plea of not guilty to both counts and trial is scheduled before Chief Judge Linda R. Reade on December 22, 2008.

Chief Deputy James Allen Davis, Jr. of the Fayette County Sheriff's Office testified regarding the facts underlying the charges. On June 2, 2008, Deputy Davis was contacted by Melissa Reisen regarding drug activity with Defendant. Reisen reported that she had been using methamphetamine with Defendant, and that Defendant wanted her to purchase cold medicine containing pseudoephedrine so that he could manufacture additional methamphetamine. Reisen agreed to cooperate with law enforcement authorities in an investigation.

1

Deputy Davis then obtained a state court search warrant for Defendant's residence in West Union. Reisen made arrangements with Defendant to come to her house in the country (15 miles south of West Union) to pick up four boxes of cold medicine containing pseudoephedrine. It was anticipated that Reisen would then ride with Defendant back to his house, where Defendant allegedly intended to manufacture methamphetamine. Reisen would receive with a small amount of methamphetamine for her services. Law enforcement authorities intended to execute the search warrant at Defendant's house after he and Reisen arrived at the house.

Law enforcement authorities gave Reisen four marked boxes of cold medicine containing pseudoephedrine in order to facilitate the agreement reached between Reisen and Defendant. When Defendant arrived at Reisen's house, however, they did not immediately leave for Defendant's house in West Union, as authorities expected. At some point, Reisen called Deputy Davis and reported that Defendant was in her bathroom removing the cold pills from the boxes. Authorities then entered the house (with Reisen's consent) and found Defendant in the bathroom. The cold medicine pills were on the floor in the bathroom under a towel. Also found were the marked boxes provided to Reisen by authorities. Defendant was arrested for driving under suspension and questioned by authorities. Defendant admitted manufacturing methamphetamine on two or three occasions for "personal use only."

Shortly after Defendant was arrested at Reisen's house, authorities executed the search warrant on Defendant's house in West Union. Authorities found methamphetamine residue and various items consistent with the manufacture of methamphetamine. Law enforcement authorities also interviewed a number of other witnesses who indicated that they had purchased cold pills containing pseudoephedrine for Defendant.

According to the Pretrial Services Report, Defendant is 58 years old. Prior to his arrest, Defendant lived in West Union, Iowa with his wife. Since Defendant's arrest in June, however, his wife has moved to Chicago, Illinois, where she is living with her

daughter. At the time of his arrest, Defendant was laid off from his employment at Dura Automotive Products, where he had been employed from August 2007 to March 2008.

Defendant has a prior criminal record that dates back to 1971. Defendant's convictions include domestic abuse assault (three times), battery, drunk driving (twice), drunkenness, public intoxication, and indecent exposure. Defendant was not convicted of a felony, however, until 2001. At that time, Defendant was sentenced in federal court to 42 months in prison for manufacture and attempt to manufacture methamphetamine. Following Defendant's initial release from prison, his supervised release was revoked and he was given an additional 10 months imprisonment. Following Defendant's second release from prison, his supervised release was revoked again and he was given an additional twelve months. He was finally released from prison in approximately January 2007.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

3

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987) ("The Circuit Courts of Appeals that have considered this issue have uniformly held that an indictment by a grand jury alone can support a finding by a judge that there is probable cause to believe that the defendant committed one of the offenses specified in 18 U.S.C. § 3142(e)") (collecting cases). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.

4

2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture and attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant proffers evidence that he could live in West Union and work at Hillansdale Egg Farm. Defendant is willing to submit to random drug testing or any other measures to ensure his non-use of controlled substances.

Defendant was convicted in July 2001 of manufacture and attempt to manufacture methamphetamine. He was sentenced to 42 months in prison and three years of supervised release. Defendant was twice unsuccessful on supervised release, however, and received additional sentences of 10 months and 12 months. Defendant was just released from prison in January 2007. Given his lack of success on supervised release, the Court has no confidence that Defendant would be successful on pretrial release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 28, 2008) to the filing of this Ruling (October 30, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 30th day of October, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA